# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARETHA CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 4:18-cv-00167-DGK-SSA |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING APPLICATION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiff's application for attorney's fees (Doc. 42) under § 2412 of the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. Plaintiff Maretha Campbell appealed a partially favorable ruling from Defendant, the Commissioner of Social Security, that she was not disabled prior to August 4, 2012 (Doc. 4). Plaintiff now seeks reimbursement of $17,401.40 for 85.7 hours of attorney work (Doc. 42).

Defendant objects to the request (Doc. 46). Defendant claims the Commissioner's position was substantially justified, despite the partial remand, and Plaintiff seeks an unreasonably high award of fees. Because the Court finds that Defendant's position was substantially justified, Plaintiff's request is DENIED.

The Equal Access to Justice Act ("the EAJA") requires a court to "award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Because the Court granted a remand, Plaintiff is a prevailing party. Neither party disputes this. Instead, the issue is whether the "position of the United States was substantially justified." *Id.*

The position of the United States is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Eighth Circuit interprets "position" under the EAJA to refer to the Government's "prelitigation and litigation" circumstances. *Iowa Express Distrib., Inc. v. NLRB*, 739 F.2d 1305, 1310 (8th Cir. 1984). The Commissioner bears the burden of showing substantial justification by establishing that "the denial had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citing *Pierce*, 487 U.S. at 565–66). Thus, under this standard, it is possible for the Commissioner to "lose on the merits of the disability question and win on the application for attorney's fees." *Id.* at 676 (internal citations omitted). "[F]ees are not to be awarded just because the [Commissioner] lost the case." *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987) (internal citations omitted).

This test to determine substantial justification is "a lesser standard than the substantial evidence standard used to review administrative determinations." *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 n.3 (internal citations omitted). In *Brouwers*, the Eighth Circuit found that where the district court remanded to consider additional evidence regarding plaintiff's ability to perform work, it could not conclude that the Government's position "in both the administrative and judicial proceedings was unreasonable." *Id.* at 275–76. This ruling left open the possibility that the ALJ "could again decide to deny benefits." *Id.*

Similarly, this Court remanded, ordering the ALJ to properly explain the "evidentiary basis for Plaintiff's functional limitations," and affirmed the Commissioner's decision finding Plaintiff not disabled prior to August 4, 2014 (Doc. 37 at 8). Thus, the Commissioner cannot be said to have taken an unreasonable position in the administrative proceedings, as the ALJ agreed with its position; nor can it be said the Commissioner took an unreasonable position during the judicial

proceedings, as the Court affirmed in part and remanded only for the ALJ to expand upon the findings related to the evidence related to "Dr. Winkler's unexplained opinion in formulating Plaintiff's RFC" (Doc. 37 at 8). After remand, the Court could still affirm the ALJ's denial of benefits after given further explanation. A review of the administrative record shows that a reasonable person could take the position of the Commissioner. Taken together, the Court cannot conclude that the Commissioner's position at either the administrative or judicial proceeding was unreasonable.

Plaintiff's argument seems to conflate the substantial-justification standard with the substantial-evidence standard. The standard under the EAJA for substantial justification is lower, and the ALJ had a reasonable basis in law and fact for denying benefits to Plaintiff. Indeed, this Court could, upon the expansion of the ALJ's findings, affirm the denial of benefits. This shows that there was a substantial *justification* for the denial, even if there was not substantial *evidence*.

Although Plaintiff is a prevailing party, the position of the Commissioner is substantially justified under the EAJA. Accordingly, Plaintiff's request for attorney's fees is DENIED.

**IT IS SO ORDERED.**

Date: March 26, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT